UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
BLAINE E. TAYLOR WELDING, INC. and
BLAINE E TAYLOR,

                          Plaintiffs,

                                                                     22-cv-7623 (PKC)

     -against-                                            ORDER

LG FUNDING, LLC, JOSEPH LERMAN,
ONTRACK FUNDING, LLC and JOHN AND
JANE DOE CONTROL PERSONS,

                        Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiffs commenced this action on September 7, 2022, asserting that defendants conspired to and engaged in an unlawful debt-collection enterprise under RICO.  (ECF 1.)  Notices of appearance were entered on behalf of the three non-Doe defendants, and on November 30, 2022, the Court entered a Stipulation and Order to Stay Action Pending Arbitration.  (ECF 16.)  It stated in part: "It is hereby stipulated and agreed to by and between the undersigned that the parties to this action will proceed to arbitration to be administered by Arbitration Services, Inc.  . . .  This action is stayed pending the issuance of a final arbitral award and for 14 days thereafter."  (Id.)  The Court also Ordered as follows: "The parties shall report to the Court as to the status of the arbitration as of June 30, 2023 by July 7, 2023."  (Id.)

        The parties did not file the required status update and made no filings to the docket thereafter.

An Order of April 8, 2024 noted this non-compliance and directed that "plaintiff shall show cause in writing by April 19, 2024 why the action ought not be dismissed and the case closed for failure to prosecute." (ECF 17.) Plaintiff filed no submission in response.

A case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Rule 41(b), Fed. R. Civ. P. "[I]t is unquestioned that Rule 41(b) . . . gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute . . . ." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001). "At the same time a Rule 41(b) dismissal remains a harsh remedy to be utilized only in extreme situations." Id. (quotation marks omitted). "[A] district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: '[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.'" Id. (quoting Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988)). No single factor is dispositive. Id. Courts will order dismissal for failure to prosecute when a plaintiff fails to comply with a Court's orders, including orders directing plaintiffs to explain whether they intend to proceed with a case. See, e.g., Murphy v. Spaulding, No. 20-CV-9013 (KMK), 2022 WL 1063138, at *1 (S.D.N.Y. Mar. 30, 2022) (collecting cases).

The parties, including plaintiffs, ignored the Order of November 30, 2022 by failing to submit a status update by July 7, 2023, and have now been out of compliance for more than nine months. Plaintiffs ignored the more recent Order of April 8, 2024 despite being

warned that non-compliance would result in dismissal for failure to prosecute. There have been no filings since November 28, 2022. The failure to comply has left the Court without information as to the status of the arbitration and whether or when this case might proceed. No lesser sanction would be efficacious, and plaintiffs' silence in response to the Court's Orders suggests that they do not seek a fair chance to be heard. Plaintiffs have effectively abandoned their claims.

The Court dismisses plaintiffs' claims without prejudice for failure to prosecute. The Clerk is respectfully directed to enter judgment for defendants and close the case.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
April 26, 2024